IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J<span>AMES</span> B<span>ROWN</span>,
         Plaintiff,

vs.                                                                No. 21-2244-EFM

U<span>NITED</span> R<span>ENTALS</span> (N<span>ORTH</span> A<span>MERICA</span>), I<span>NC</span>.,
    *et al*.,
         Defendants.

MEMORANDUM AND ORDER

On April 16, 2021, James Brown brought this action in Wyandotte County, Kansas alleging that he had been injured while using an industrial lift manufactured by JLG Industries and rented by United Rentals North America (URNA) and Christopher Hann. Brown alleged in his state Petition that the lift was defective and dangerous, and that URNA and Hann negligently rented the lift. JLG, a Pennsylvania corporation, removed the action to this court on May 28, 2019. Its Notice of Removal also argued that that the state Petition had fraudulently joined Hann (a Kansas resident) in order to prevent removal.[1]

Brown has moved to remand the case, arguing that URNA and Hann could not effectively consent to the removal, because that they had previously moved in state court to dismiss the action for improper venue, or alternatively to transfer the action to

---

[1] Dkt.1, at 3-4.

Johnson County District Court. As Brown notes, the Tenth Circuit has observed that a waiver of the right to remove arises when the defendant takes "some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court."[2]

But the same authority expressly warns such waiver "must be clear and unequivocal, meaning that short of the defendant seeking an adjudication on the merits, the right to removal is not lost."[3] The court also identified the sort of state court motions which would *not* amount to waiver:

> Unlike motions to dismiss for failure to state a claim, motions to dismiss for defenses such as lack of jurisdiction, *improper venue*, or insufficient process make it unnecessary for a court to adjudicate the case's merits. Because of this, such motions don't implicate waiver's goal of promoting judicial economy and preventing piecemeal and duplicative litigation.[4]

The motion to dismiss or transfer filed by URNA and Hann was grounded on their claims of improper venue; they made no arguments seeking a dismissal on the merits. Accordingly, their motion was not a waiver of their right to consent to removal of the action.[5]

---

[2] *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1098 (10th Cir. 2017)

[3] *Id*. (internal quotation and citations omitted).

[4] *Id*. at 1099 n. 13 (emphasis added, citation omitted).

[5] *City of Albuquerque v. Soto* also recognizes that even a motion to dismiss on the merits will not be deemed a waiver where state court procedural rules compel the filing of such a pleading prior to removal. *Id*. at 1099-1100 (citing *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004). Defendants contend that even if their state motion had sought a ruling on the merits, it would not constitute a waiver as the pleading was required by

However, the merits of the claim against Hann are now before this court, given the defendants' argument in the removal notice that Hann was fraudulently added to the state Petition in an effort to destroy complete diversity. "[U]pon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal."[6]

Under Kansas law, an agent may be held personally liable, along with their employer, for the tortious acts in which they willfully participate.[7] Accordingly, dismissal may be appropriate if a fraudulently joined agent did not actually participate in the alleged tortious activity.[8]

Defendants argued in the removal notice that Hann was not actually involved in the rental of the lift. Brown, in his Motion to Remand, simply repeats the generic allegations from the Petition stating that URNA and Hann had duties of care with respect to renting the lift.[9] He also cites decisions such as *Walsworth v. Medtronic, Inc.*[10]

---

Kansas pleading rules.  The court need not decide the issue as it is plain that the motion itself sought no decision on the merits.

[6] *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 881–82 (10th Cir. 1967)

[7] *Kirk v. H.G.P. Corp.*, 208 Kan. 777, 779, 494 P.2d 1087 (Kan.1972); *McFeeters v. Renollet*, 210 Kan. 158, 161–62, 500 P.2d 47 (1972).

[8] *See, e.g., Hensley v. Orscheln Farm & Home*, No. 11-4159-CM, 20212 WL 628201, *3 (D. Kan. Feb. 27, 2012).

[9]  Dkt. 16, at 5-6, Dkt. 1-1, ¶¶ 4, 18-20.

[10] No. 20-2395-SAC, 2020 WL 5993625, at *3 (D. Kan. Oct. 9, 2020).

which have held that in appropriate cases an individual employee may also responsible for tortious acts committed in conjunction with their employer.

The decisions cited by Brown are distinguishable. In *Walsworth*, the court declined to find fraudulent the joinder of Price, a medical device sales representative, noting the complaint's allegations that all the defendants were receiving reports that their insulin pumps were defective, and that the complaint alleged Price aided in the sales by personally showing patients how to use the pumps. "More importantly," the court noted, "Medtronic has not come forward with evidence or argument on which this court can discredit the allegation of [Price's] knowledge" that the products were defective.[11]

In sharp contrast, Plaintiff has offered no specific allegations against Hann, and Defendants in their Response to the remand motion have presented the affidavit of Hann, who avers categorically that he was not involved in renting, leasing, supplying, servicing maintaining, inspecting, or monitoring the JLG 860SJ industrial lift involved in the accident.[12] He avers he never owned, controlled, or possessed the lift,[13] and that he

---

[11] 2020 WL 5993625, at *5 (noting Price's "carefully worded averments" which only denied a part of the plaintiff's allegations).

[12] Dkt. 25-1, ¶¶ 4-7.

[13] *Id*. at ¶¶ 8-10.

4

did not market the lift to anyone, or trained anyone on the lift.[14]  He does not know and has never met Brown.[15]

Plaintiff's Reply[16] focuses solely on the issue of waiver, and abandons the issue whether Hann was properly joined.

IT IS ACCORDINGLY ORDERED this 4th day of October, 2021, that the Plaintiff's Motion to Remand (Dkt. 16) is DENIED; Defendant Christopher Hann is hereby dismissed from the action.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[14] *Id.* at ¶¶ 11-12.

[15] *Id.* at ¶ 13.

[16] Dkt. 28.